UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | Bky. No. 14-34685-KAC |
| | Chapter 7 Bankruptcy |
| Jacob Jerome Milan and Ashley Kaye | |
| Milan (*aka* Ashley Kaye Hagen), | |
| Debtors. | |

---

| | |
|---|---|
| County of Dakota, | Adv. No. 15-3034-KAC |
| Plaintiff | |

vs.

Jacob Jerome Milan and Ashley Kaye Milan
(*aka* Ashley Kaye Hagen),
                    Defendants.

---

**DEFENDANTS' REPLY TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

**INTRODUCTION**

This case involves Pay-to-Stay costs charged to Defendant Jacob Jerome Milan ("Jacob") and Ashley Kaye Milan (Ashley) by Dakota County Sherriff's Office ("DCSO") on behalf of Plaintiff Dakota County ("Plaintiff"). Even though the charges were not included in any court sentence and are not defined, administered, or used for any purpose other than Plaintiff's compensation, Plaintiff argues the charges are both punitive in purpose and non-compensatory and should therefore fall under the exception from Chapter 7 discharge in 11 U.S.C. § 523(a)(7). Clearly, these charges, which are assessed for the sole purpose of defraying the costs of incarceration, are compensation for actual pecuniary loss and not penal. Thus, the room and

board charges fail two requirements for excepted charges. Dakota County's Motion for Summary Judgment should be denied and complaint against the Milans should be dismissed.

## FACTUAL SUMMARY

All or nearly all of the facts in this case are subject to a stipulation between the parties. To summarize the relevant facts, Plaintiff charged Jacob for medical expenses and room and board costs (collectively "room and board") associated with his various incarcerations through November of 2012. None of these charges were included in any court order or are administered by the court. Instead, Plaintiff charges these costs through their Pay-to-Stay program, administered with reference to Minn. Stat. § 641.12 and with the express purpose and intent to "RECOUP A PORTION of the costs of the offender's room and board, clothing and other correctional services." (Joint Statement of Undisputed Material Facts (hereafter "J.S."-on file with the Court) ¶ 6). Of the Pay-to-Stay costs billed to Jacob, $3,514.46 remained outstanding as of November 25, 2014, when Jacob and Ashley (collectively the "Milans" or "Defendants") filed a Chapter 7 voluntary petition for relief as a part of their efforts to rehabilitate their lives. The Plaintiff filed this adversary action objecting to this Court's order discharging these debts.

## ARGUMENT

Plaintiff misreads Minn. Stat. § 641.12 and takes selected quotes from case dicta and legislative history out of context to stretch the definition of punitive in an attempt to characterize the Pay-to-Stay charges as punitive. Having done so, Plaintiff then attempts to use this attenuated characterization to argue that the charges are *primarily* punitive because, it argues, since Plaintiff has voluntarily set the amount low enough to only partially compensate for its pecuniary loss, the costs cannot then be considered compensatory. Neither logic nor law supports Plaintiff's argument. Instead, nothing supports the contention that the Pay-to-Stay charges are intended as

2

punitive by either the State or the Plaintiff or fit within any case's definition of punitive. Instead, the Pay-to-Stay program only exists for compensatory purposes—regardless of the degree to which Plaintiff has chosen to seek compensation. Plaintiff's motion fails for each of these reasons independently.

I.  **THE DISCHARGEABILITY EXCEPTION UNDER 11 U.S.C. § 523(a)(7) DOES NOT INCLUDE THE ROOM AND BOARD CHARGES IN QUESTION.**

11 U.S.C. § 523(a)(7) requires three elements for debts to fall under its dischargeability exclusion: (1) The charges must be "for a fine, penalty, or forfeiture." § 523(a)(7). (2) The charges must be "payable to and for the benefit of a governmental unit." § 523(a)(7). Finally, (3) The charges must also "not [be] compensation for actual pecuniary loss." § 523(a)(7). There is no dispute the Pay-to-Stay charges satisfy the second element. However, the charges must also satisfy both of the other two elements for 11 U.S.C. §523(a)(7) to exempt them from discharge. Plaintiff's arguments rely on faulty logic and selectively attenuated readings. These arguments distract from the blatant fact that both the State and the Plaintiff intend Pay-to-Stay charges and administer them for purely compensatory, non-punitive purposes. Accordingly, the charges satisfy neither the first nor the third element required under 11 U.S.C. § 523(a)(7).

    A.  **The Pay-to-Stay Charges are Not Punitive as Required by 11 U.S.C. § 523(a)(7).**

Plaintiff's argument that Pay-to-Stay charges are penal in nature simply because they are only charged to convicted offenders relies on flawed logic, misreading of state statute, and a selective and perverted interpretation of case dicta and legislative history.

        1.       The Pay-to-Stay Charges are Not Punitive Because They Weren't Included in the Penalty

In defining debt that satisfies the penal nature element of 11 U.S.C. § 523(a)(7), the Supreme Court began with the premise "that bankruptcy courts could not discharge criminal judgments" in reading the provision referring to "fine, penalty, or forfeiture" broadly to include "any condition a state criminal court imposes on a criminal sentence." *Kelly v. Robinson*, 479 U.S. 36, 50 (1986).

Every single case cited in either party's Summary Judgment Motion follows this critical distinction: If the charges are included in the penalty (imposed by a court, through equivalent due process proceeding, or are statutorily mandated for the conviction), the charges are deemed punitive. *See* Table 1. However, where the charges are not included in the penalty, the charges are deemed non-punitive—even if the charges necessarily follow from the sentence. *See* Table 1.

Table 1

| Case | Non-Dischargeable under § 523(a)(7)? | Included in Penalty? | Included in Penalty by | In Penal Code? | Permitted in Punishment? | Type of charge |
|---|---|---|---|---|---|---|
| ***Milan*** | TBD | N | N/A | N | N | **Room and Board (inc. Medical)** |
| *Kelly*[1] | Y | Y | Court | Y | Y | Restitution |
| ***Lopez*[2]** | Y | Y | Court | Y | Y | Court costs |
| ***Lopez*[3]** | N | N | N/A | -- | Y | **Filing fee and probation supervision fees** |
| *United States H.U.D.*[4] | Y | Y | Court | -- | Y | Profit Disgorgement |
| *Thompson*[5] | Y | Y | Court | Y | Y | Prosecution Costs |
| *WRW*[6] | Y | Y | Statutorily Required | Y[7] | Y | Safety Violations |
| *Vetter*[8] | Y | Y | Court | Y | Y | Restitution |

---

[1] *Kelly v. Robinson*, 479 U.S. 36 (1986).

[2] Debts found non-dischargeable. *Lopez v. First Judicial Dist. (In re Lopez)*, 579 Fed. Appx. 100 (3rd Cir. 2014), *vacating* 475 B.R. 418 (E.D. Pa. 2012), *remanded to* Advs. No. 12-53, 2015 Bankr. LEXIS 1673 (Bankr. E.D. Pa., 2015).

[3] Debts found dischargeable. *Id*.

[4] *U.S. Dept. of Housing & Urban Dev. v. Cost Control Mktg. & Sales Mgmt., Inc.*, 64 F.3d 910 (4th Cir. 1995).

[5] *Thompson v. Virginia (In re Thompson)*, 16 F.3d 576 (4th Cir. 1994).

[6] *United States v. WRW Corp.*, 986 F2d 138 (6th Cir. 1993).

[7] In penalty section of statute. *See* 30 U.S.C. § 820.

| Case | Non-Dischargeable under § 523(a)(7)? | Included in Penalty? | Included in Penalty by | In Penal Code? | Permitted in Punishment? | Type of charge |
|---|---|---|---|---|---|---|
| *Hollis*[9] | Y | Y | Court | Y | Y | Court Costs |
| *Zarynski*[10] | Y | Y | Court | Y | Y | Prosecution Costs |
| *Sanderson*[11] | Y | Y | Statutorily Required | Y[12] | -- | Penalties re: Unemployment |
| ***Miller*[13]** | **N** | **N** | **N/A** | **N** | **Y** | **Intervention Fees** |
| *Reimann*[14] | Y | Y | Disciplinary Hearing | -- | Y | Restitution |
| *Kirby*[15] | Y | Y | Court | -- | Y | Civil Penalty (Environmental Violation) |
| *Holder*[16] | Y | Y | Statutorily Required | Y | -- | Surcharges |
| *Donohue*[17] | Y | Y | Court | Y | Y | Room & Board |

---

[8] *United States v. Vetter*, 895 F.2d 456 (8th Cir. 1990).

[9] *In re Hollis*, 810 F.2d 106 (6th Cir. 1987).

[10] *In re Zarynski*, 771 F.2d 304 (7th Cir. 1985).

[11] *Sanderson v. Minn. Empl. & Econ. Div. (In re Sanderson)*, 509 B.R. 206 (Bankr. W.D. Wis. 2014).

[12] In penal section of unemployment compensation code. Minn. Stat. § 268.18.

[13] *In re Miller*, 511 B.R. 621 (Bankr. W.D. Mo. 2014).

[14] *In re Reimann*, 436 B.R. 564 (Bankr. E.D. Wis. 2010).

[15] *Ohio v. Kirby (In re Kirby)*, Case No. 02-33385, Adv. Pro. No. 02-3297, 2007 WL 2492682 (Bankr. N.D. Ohio 2007).

[16] *Holder v. Tex. Dep't of Pub. Safety (In re Holder)*, 376 B.R. 802 (S.D. Tex. 2007).

[17] *In re Donohue*, Bankr. No. 05-01651, 2006 WL 3000100 (Bankr. N.D. Iowa Oct. 16, 2006).

| Case | Non-Dischargeable under § 523(a)(7)? | Included in Penalty? | Included in Penalty by | In Penal Code? | Permitted in Punishment? | Type of charge |
|---|---|---|---|---|---|---|
| *Kish*[18] | N[19] | Y | Statutorily Required | Y | -- | Surcharges |
| *Maxwell*[20] | Y | Y | Court | Y | Y | Cost of Incarceration |
| *Neil*[21] | Y | Y | Court | -- | -- | Fine (includes cost of incarceration) |

Plaintiff asks the Court to ignore the determinative factor of whether the charges were actually included in a penalty. *See Lopez v. First Judicial Dist. (In re Lopez)*, 579 Fed. Appx. 100, 103 (3rd Cir. 2014) ("[A]mounts that were not imposed as part of a criminal sentence, and are plainly not 'fines,' 'penalties,' or 'forfeitures,' should be discharged without hesitation."). Instead, Plaintiff points to the fact that Minn. Stat. § 641.12, subd. 3, only permits counties to charge room and board to convicted persons. The mere fact that the state of Minnesota doesn't want to embarrass itself by charging innocent people room and board for the time they were in jail on a charge that they were later found innocent of does not automatically make charging room and board for convicted persons "punitive." This argument applies the flawed logic that, if only convicted persons receive penalties, then anything only convicted persons receive must be a penalty. By Plaintiff's logic, since only hotel guests receive complementary mints, the

---

[18] *Kish v. Farmer (In re Kish)*, 238 B.R. 271 (N.J. 1999).

[19] Held dischargeable under the to and for government prong. *Id.*

[20] *Carlisle Cty. Fiscal Court v. Maxwell (In re Maxwell)*, 229 B.R. 400 (Bankr. W.D. Ky. 1998).

[21] *In re Neil*, 131 B.R. 142 (Bankr. W.D. Mo. 1991).

complementary bar of soap that they also receive must be a mint. This argument not only leaves a bad taste in the mouth, it is rejected by both *Miller* and *Lopez* where, like here, costs accrued by virtue of the sentences but they were found to not be part of the penalty where they were not imposed as such. *Id.*; *In re Miller*, 511 B.R. 621 (Bankr. W.D. Mo. 2014) ("This Court thus rejects the MDOC's argument that intervention fees ipso facto must be penal in nature simply because they were imposed as part of a criminal justice system.").

Plaintiff also attempts to argue that an assessment from DCSO is the functional equivalent of a penalty imposed by a court simply because the State permits DCSO to make the assessment. In doing so, Plaintiff cites entirely inapplicable cases that either consider charges that *were* court imposed or were imposed as the result of a due process hearing. *See* Table 1; *see, e.g.*, *In re Reimann*, 436 B.R. 564 (Bankr. E.D. Wis. 2010) (involving restitution charged to an inmate for violation of prison policy through a full due process hearing—the functional equivalent of a court imposition); *In re Donohue*, Bankr. No. 05-01651, 2006 WL 3000100, *5–9 (Bankr. N.D. Iowa Oct. 16, 2006) (holding room and board fees non-dischargeable where statutorily required to be included in court-ordered sentences).

    2.    Plaintiff's Fails to Even Show Pay-to-Stay Charges Could be Included in the Penalty.

Next, Plaintiff attempts to read Minn. Stat. § 641.12 into the criminal code under Chapter 609 through a highly selective read of legislative history in which, in reality, the Legislature explicitly rejects Plaintiff's characterization. Before resorting to the cannons of statutory interpretation, legislative intent, and legislative history, however, a statute must first be ambiguous. Minn. Stat. § 645.16; *Tuma v. Comm'r of Econ. Sec.*, 386 N.W.2d 702, 706 (Minn. 1986). Here, Minn. Stat. § 641.12, subd. 3, is not ambiguous; it explicitly says the purpose of the

8

room and board charges is "to pay the cost" of room and board and does not include any provision for inclusion in a penalty.

Plaintiff resorts to its interpretation argument in an attempt to suggest the Pay-to-Stay charges *could* have been included in the penalty and therefore *must be* penal—in spite of contradictory holdings in *Lopez* and *Miller*. *See* Table 1 (noting charges as dischargeable, but could have been included in penalty). Not only does this attempt exceed credulity, it requires further misinterpretation of the law. Plaintiff's attempt focusses on trying to read Minn. Stat. § 641.12 into § 609.102 through § 244.18. As long as Plaintiff has opened the door to legislative intent regarding the relationship between these statutes, the Court should note that the clear intent undermines Plaintiff's contention. Defendants' Motion for Summary Judgment provides extensive discussion of the prior history of Minn. Stat. § 641.12 also warranted for consideration under the cannons of interpretation, Minn. Stat. § 645.16, subd. 7, and needn't be repeated here..

To focus on the legislative history cited by Plaintiff, the argument that Pay-to-Stay charges could have been included in a penalty because they were considered for inclusion in Minn. Stat. § 244.18 is both tenuous and misses the point that the Legislature *rejected* this inclusion. *See* S. Journal, 82th Leg., at 4544–45 (Minn. 2002) (considering S.F. 2533).[22] Indeed, the Legislature did consider including room and board within the definition of "local correctional fees" before ultimately rejecting this inclusion. This shows two things, (1) the Legislature does not consider "local correctional fees" to already include room and board, and (2) the Legislature determined to not change the definition to include room and board—instead deciding that the

---

[22] Available at http://www.senate.leg.state.mn.us/journals/2001-2002/20020221071.pdf#page=2; *see also* S.F. 2533 Status in the Senate for the 82nd Legislature (2001 – 2002), Minn. State Leg. (providing links to all actions for S.F. 2533), https://www.revisor.mn.gov/bills/bill.php?b=Senate&f=SF2533&ssn=0&y=2002.

charges belonged in the cost-allocation statutes rather than the penal code. Further, the fact that the House considered making room and board fees explicitly subordinate to fines and surcharges, as they are to restitution, demonstrates additional distinction between fines and surcharges, on the one hand, and room and board, on the other. *See* H. Journal, 82th Leg., at 6802 (Minn. 2002) (considering H.F. 2841).[23]

In sum, the Plaintiff attempts to argue (1) Pay-to-Stay *could* be read into the ambiguity of "local correctional fees" in Minn. Stat. § 244.18; (2) if so, the charges *could* have been imposed by a court; (3) if so, the intent of the charges should be inferred as if they *had* been imposed by a court; and (4) if so, they *must* therefore be punitive in nature. This argument is not only attenuated, but as shown above, Plaintiff cannot prove steps 1 or 3. Further, both *Lopez* and *Miller* contradict this argument because each found charges non-punitive *even though the charges could have been included in the penalties*. *See* Table 1.

Instead, the Pay-to-Stay charges were not court imposed, and the State makes clear that the charges are for cost reimbursement—intentionally implemented separate from and without inclusion in the penal code. Additionally, as explained in Defendants' Summary Judgment Motion, neither the Plaintiff nor Dakota County courts have ever administered these charges as a penalty, and Jacob's charges were never administered as such. These facts contrast dramatically with every case cited by either party finding the charges non-dischargeable because in the case at bar the charges were not imposed *as a part of the penalty*. Instead, this determinative fact is

---

[23] Available at
http://www.house.leg.state.mn.us/scripts/gotopage.pl?session=ls82&number=6802; *see also* H.F. 2841: Status in the House for the 82nd Legislature (2001 – 2002), Minn. State Leg. (providing links to all actions for H.F. 2841),
https://www.revisor.mn.gov/bills/bill.php?f=HF2841&y=2002&ssn=0&b=house.

shared with the two cases finding the charges dischargeable—both of which considering charges that could have been included in the penalty. Because Pay-to-Stay charges are not penalties, they fail to satisfy the first required element of 11 U.S.C. § 523(a)(7) and must be discharged.

> B.   **The Pay-to-Stay Charges are Compensation for Pecuniary Loss in Violation of 11 U.S.C. § 523(a)(7).**

Having presumed to convincingly argue for a tenuous penal purpose to the Pay-to-Stay charges, Plaintiff doubles-down to argue that this penal nature is the *primary* purpose to the charges and—ignoring the statute's and their own express purpose for the program—that Pay-to-Stay is not compensatory.

First, Plaintiff cites an obscure footnote in *Kelly* to suggest the compensatory prohibition might not apply to anything except tax penalties. *Kelly v. Robinson*, 479 U.S. 36, 53 n.13 (1986). This argument flies in the face of the fact that the compensatory provision was considered in every case presented by either party discussing 11 U.S.C. § 523(a)(7)—including *Kelly*—none of which considering the dischargeability of tax penalties. *See, e.g.*, *Kelly*, 479 U.S. at 53 (considering restitution); *United States v. Vetter*, 895 F.2d 456, 459 (8th Cir. 1990) (considering restitution); *In re Donohue*, Bankr. No. 05-01651, 2006 WL 3000100, *8–9 (Bankr. N.D. Iowa Oct. 16, 2006) (considering room and board charges).

Plaintiff goes on to argue the fees are non-compensatory because, it argues, the nominal nature of the compensation does not outweigh the presumptively-established, *primarily* penal purpose. "Even where a debt is intended to help defray the expense of government, it may not be dischargeable if its primary purpose is penal." *In re Miller*, 511 B.R. 621, 631 (Bankr. W.D. Mo. 2014) (quoting *U.S. Dept. of Housing & Urban Dev. v. Cost Control Mktg. & Sales Mgmt., Inc.*, 64 F.3d 910, n.13 (4th Cir. 1995)). However, this requires the presumption that the charge's

11

punitive nature is so significant that it is the primary purpose of the charge. As demonstrated above, any characterization of Pay-to-Stay in Minnesota as punitive in purpose is highly tenuous at best. To take this characterization so far as to consider it Pay-to-Stay's primary purpose would extend the interpretation of both 11 U.S.C. § 523(a)(7) and Minn. Stat. § 641.12, subd. 3, far beyond any court interpretation to date not already overturned. *See, e.g.*, *Lopez v. First Judicial Dist. (In re Lopez)*, 579 Fed. Appx. 100, 103 (3rd Cir. 2014) (rejecting the lower court's extension to include all charges arising from prosecution regardless of inclusion in a criminal sentence), *vacating*, 475 B.R. 418, 419 (E.D. Pa. 2012).

Plaintiff argues that any causal relationship between the charges and compensation is broken because the fees are nominal and bear no relation to the actual pecuniary loss incurred by the Plaintiff. This argument again applies flawed logic and cites to many cases already addressed here or in Defendants' Motion for Summary Judgment that include important distinguishing factors. Notably, Plaintiff continues to cite cases, such as *Kelly* and *Reimann*, considering restitution, which is clearly a completely different type of charge from room and board because it is directly imposed as punishment and considered in relation to victim compensation. *Kelly*, 479 U.S. at 52 (considering restitution as going to the victim and for punitive purpose, noting "[t]he victim has no control over the amount of restitution awarded or over the decision to award restitution"); *In re Reimann*, 436 B.R. 564 (Bankr. E.D. Wis. 2010) (discussing restitution in context of victim compensation); *see also* Minn. Stat. § 641.12, subd. 3(c) (distinguishing room and board from restitution); *State v. Fader*, 358 N.W.2d 42, 48 (Minn. 1984) (defining restitution as *victim* compensation).

In contrast to other cases cited for Plaintiff's non-compensatory argument, here, no court imposed the charges and the Plaintiff receives all of the Pay-to-Stay fees, which are set by the

Plaintiff and expressly intended to partially compensate for the Plaintiff's pecuniary losses incurred by the inmate's stay and never referred to as a penalty of any sort. *Cf.*, *U.S. Dept. of Housing & Urban Dev.*, 64 F.3d at 927 ("[T]he final judgment orders payment to HUD and imposes no obligation on HUD to disburse the money to anyone."); *Sanderson v. Minn. Empl. & Econ. Div. (In re Sanderson)*, 509 B.R. 206 (Bankr. W.D. Wis. 2014) (finding primarily punitive purpose where the statute explicitly refers to the charge as a penalty); *Ohio v. Kirby (In re Kirby)*, Case No. 02-33385, Adv. Pro. No. 02-3297, 2007 WL 2492682 (Bankr. N.D. Ohio 2007) (noting that nothing requires the penalty be used for compensation; numerous factors were considered by the court in setting the amount; debtor was charged separately for costs; etc.); *Holder v. Tex. Dep't of Pub. Safety (In re Holder)*, 376 B.R. 802 (Bankr. S.D. Tex. 2007) (finding no evidence of any loss on behalf of the state related to DWI surcharges); *Donohue*, 2006 WL 3000100 at *8–9 (only 60% of the collected funds are used for compensation); *Kish v. Farmer (In re Kish)*, 238 B.R. 271 (Bankr. N.J. 1999) (finding no loss or connection between funds for insurance program and DWI insurance program; in fact finding the debt failed to satisfy the to/for government prong).

Plaintiff further claims several cases stand for the premise that an actual-versus-assessed cost disparity makes a previously compensatory fee suddenly non-compensatory by relying on dicta where other significant factors distinguish the cases from this one. *See United States v. WRW Corp.*, 986 F2d 138 (6th Cir. 1993) ("[T] the penalty amount is based upon factors which focus on the Act's primary remedial purpose of promoting mine safety."); *Kirby*, 2007 WL 2492682 (considering court-ordered charges, determined in amount by the court which also considered many other factors, as discussed above); *Carlisle Cty. Fiscal Court v. Maxwell (In re Maxwell)*, 229 B.R. 400 (Bankr. W.D. Ky. 1998) (considering charges, determined in amount by

13

the court according to legislative restrictions, already solidly established as primarily punitive where they are statutorily mandated in the state's criminal code and thus not outweighed by the minor relation to compensation); *In re Neil*, 131 B.R. 142, 142 (Bankr. W.D. Mo. 1991) (considering a court-ordered fine, as a condition of an alternate sentence and determined in amount by the court, that "includes any costs" but is not limited or tied solely to these costs). Here, unlike the cases cited by Plaintiff, the sole reason explicitly stated for the charges is to "RECOUP A PORTION" of Plaintiff's costs. (J.S. ¶ 6.) The charges were neither imposed nor determined in amount by the State or court. Instead, Plaintiff—at its sole discretion—opted to only "RECOUP A PORTION" of the costs. (J.S. ¶ 6.) It is illogical to suggest partial compensation is no compensation—especially when the entire amount goes to compensation.

Neither is the amount "nominal" as suggested by Plaintiff by citing to a case discussing a one-time $25 booking fee. *Treimert v. County of Washington*, No. 13-3094, 2015 WL 999869 (D. Minn. Mar. 5, 2015) (considering constitutionality issues regarding the booking fee). The charges here were $20 to $25 per day consisting of up to 25% of the county's actual costs for room and board. The total amount the Plaintiff seeks to hold non-dischargeable is over $3,500. These charges can hardly be deemed "nominal." A hotel that normally charges over $100 per night's stay but decides—at its sole discretion—to charge $25 instead could not raise a claim that they did not charge the guest compensation for their stay.

The primary purpose of the Pay-to-Stay charges is for compensation because the sole-stated role of, administration of, and use of the Pay-to-Stay charges is to compensate Plaintiff, in an amount determined at Plaintiff's sole discretion, for its pecuniary loss incurred as a direct result of the incarceration of the inmates charged. In fact, the Pay-to-Stay charges here have no punitive role whatsoever and are entirely compensatory because they weren't included in any

14

penalty by the court, any equivalent body, or even statutory mandate. Indeed, Minnesota statutes don't even permit the charges to be administered as punishment. Therefore, Jacob Milan's room and board and medical fees and Minn. Stat. § 641.12, subd. 3, do not fall under the § 523(a)(7) exception to discharge because they fail two required elements of the test, independently and collectively.

## II.   EVEN IF THE MILANS' ROOM AND BOARD FEES WERE PENALTIES, THEY WOULD BE TIME BARRED.

Plaintiff claims the words "at any time" should be interpreted broadly to overcome the six-year and two-year statutes of limitations in Minn. Stat. §§ 541.05, subd. 1(1), 541.07, subd. 2. Minn. Stat. § 641.12, subd. 3. To do so, Plaintiff cites dicta in two cases where the context supported the courts' determinations that "at any time" applied instead of time limitations otherwise argued for. *See King v. R.R. Ret. Bd.*, 981 F.2d 365 (8th Cir. 1992) (considering an action to recover overpayment in relation to a statute of limitation on actions for money damages where the court found the overpayment action was not an action for money damages and therefore did not fall under the statute of limitations); *Dorman v. Steffen*, 666 N.W.2d 409 (Minn. App. 2003) (considering a county's authority to bring a paternity action under a statute that sets actual limitations in some sections and uses "at any time" in others with no discussion of general statutes of limitations). Here, Minn. Stat. § 641.12, subd. 3, uses the phrase "at any time" in the context of a discussion of various time periods to clarify the collection is not limited to when the person is under sentence or otherwise confined. There is no indication the phrase has any meaning beyond that plain context. In contrast, Plaintiff's action clearly falls within the bounds of the statutes of limitations in Minn. Stat. 541.07, subd. 2, or at least 541.05, subd. 1(1).

15

Therefore, some or all of the charges in question are time barred—even if the Court determines they are both punitive in nature and not compensatory, falling within the ambit of § 523(a)(7).

## **CONCLUSION**

For the reasons described above, Plaintiff's motion for summary judgment should be Denied, and the Milans' motion for summary judgment should be Granted. Dakota County's adversary complaint against the Milans should be dismissed.

Respectfully submitted,

Dated:  August 7, 2015             /e/ *Kenneth Corey-Edstrom*
                                   Kenneth Corey-Edstrom (148696)
                                   Larkin Hoffman Daly & Lindgren Ltd.
                                   8300 Norman Center Drive
                                   Suite 1000
                                   Minneapolis, Minnesota  55437-1060
                                   (952) 835-3800
                                   kcoreyedstrom@larkinhoffman.com

                                   Attorney for Defendants
                                   Jacob Jerome Milan and Ashley Kaye Milan
                                   (*aka* Ashley Kaye Hagen)

4823-1089-9750, v.  3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Jacob Jerome Milan and Ashley Kaye Milan (*aka* Ashley Kaye Hagen),<br><br>                Debtors. | Bky. No. 14-34685-KAC<br>Chapter 7 Bankruptcy |
| County of Dakota,<br>                Plaintiff<br><br>vs.<br><br>Jacob Jerome Milan and Ashley Kaye Milan (*aka* Ashley Kaye Hagen),<br>                Defendants. | Adv. No. 15-3034-KAC |

**CERTIFICATE OF SERVICE**

      I, Kenneth Corey-Edstrom, under penalty of perjury, hereby declare that on August 7, 2015, in connection with the above-referenced adversary proceedings, the following documents:

1. Defendant's Reply to Plaintiff's Motion for Summary Judgment; and

2. Certificate of Service.

were filed with the Clerk of Court via ECF, and ECF will send a notice of electronic filing to the parties entitled to service under Local Rule 9013-3(b).

Dated: August 7, 2015                                          */e/ Kenneth Corey-Edstrom*
                                                                     Kenneth Corey-Edstrom

4823-1089-9750, v. 3